WAHL (HINE v.). See Case No. 6,517.

---

## Case No. 17,042.

### WAIGHT v. UNITED STATES.

[Havw. & H. 189.][1]

Circuit Court, District of Columbia. June 4, 1844.

CRIMINAL LAW—EVIDENCE OF PREVIOUS OFFENCES—FALSE PRETENSES.

Where a prisoner is indicted for obtaining money under false pretenses, it is not competent to allow evidence to go to the jury that the prisoner had previously obtained money by means of other false representations: but it is competent to show that he had made previous false representations to others for the purpose of obtaining money from them.

James Hoban, for defendant.
Philip R. Fendall, for the United States.

The prisoner [William S. Waight] was indicted in the criminal court for the county of Washington, District of Columbia, for obtaining money under false pretenses, and found guilty. The points raised, and decided by the circuit court, will be found in the following bill of exceptions: Upon the trial of this cause the

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

United States offered in evidence, by the testimony of Mr. Hawley, a competent witness, that the prisoner borrowed ten dollars from him about seven years ago, upon statement of the prisoner that he had shipped large quantities of cotton to the North; that he was the son of the collector of the port of St. Johns, Nova Scotia; that he was very intimate with a number of clergymen, and spoke familiarly of them and concerning them; and that he knew several bishops, among them the bishops of Nova Scotia, of Massachusetts, and of South Carolina, with all of whom Doctor Hawley was acquainted; on the strength of which asserted acquaintance of the prisoner, the witness, Doctor Hawley, lent the money; that the money never was repaid him; that he does not know whether these statements were true or false. And further evidenced by J. M. Cutts, a competent witness, that the prisoner called on him to borrow money some two years ago, and said that he had certain papers and deeds of Mr. Madison, which he had lost, and that he was out of money; that he does not know whether those statements were true or false; that he called himself Scott; that witness gave him no money. To the admissibility of this evidence, the prisoner, by his counsel, objected, but the criminal court overruled the objection and admitted the evidence; to which admittance the prisoner excepted.

This cause being argued by counsel, THE COURT gave the following opinion:

That the criminal court did not err in allowing evidence to go to the jury that the prisoner had represented himself to the Rev. Dr. Hawley, a witness in the cause, as a son of the collector of the port of St. Johns, Nova Scotia, or that the prisoner had represented himself to James M. Cutts, another witness in the cause, as being named Scott. But the criminal court erred in allowing evidence to go to the jury that the prisoner had obtained money from the said Dr. Hawley by means of the representations set out in the bill of exceptions. The judgment of the criminal court was reversed, and the cause remanded with directions to award a venire facias de novo.